UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61015-LEIBOWITZ/AUGUSTIN-BIRCH

**ANDRES FELIPE MARTINEZ**, *et al.*,

  Plaintiffs,

v.

**ADG INNOVATIONS LLC**, *et al.*,

  Defendants.
_____/

REPORT AND RECOMMENDATION ON
PLAINTIFFS' VERIFIED AMENDED MOTION FOR DEFAULT JUDGMENT

This cause comes before the Court on Plaintiffs Andres Felipe Martinez, Kurt Albert Pancham, Brandon Cordero Jimenez, Kendra Talesha Prevalus, and Selena Sabrina Clarke's Verified Amended Motion for Default Judgment. DE 24. The Honorable David S. Leibowitz, United States District Judge, referred the Amended Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 26. Having carefully considered the record, the Amended Motion, and Plaintiffs' amended affidavits and being otherwise fully advised in the premises, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiffs' Verified Amended Motion for Default Judgment [DE 24].

I. Background

In their Second Amended Complaint, Plaintiffs allege that Defendant Amanda Delany Glass is the owner and/or manager of Defendant ADG Innovations LLC. DE 15 ¶ 17. Plaintiffs further allege that they worked for Defendants as insurance sales agents and that Defendants knowingly and willfully failed to pay them the minimum and overtime wages to which they were legally entitled. *Id.* ¶¶ 18–32. As such, Plaintiff Martinez seeks $2,192.47—comprised of $1,020 in unpaid minimum wages, $76.24 in unpaid overtime wages, and $1,096.24 in liquidated damages—from Defendants under the Fair Labor

Standards Act ("FLSA").[1] DE 15-1. Plaintiff Pancham seeks $2,442.86—comprised of $1,157.14 in unpaid minimum wages, $64.29 in unpaid overtime wages, and $1,221.43 in liquidated damages—from Defendants under the FLSA. DE 15-2. Plaintiff Jimenez seeks $816—comprised of $408 in unpaid minimum wages and $408 in liquidated damages—from Defendants under the FLSA. DE 15-3. Plaintiff Prevalus seeks $2,280—comprised of $1,080 in unpaid minimum wages, $60 in unpaid overtime wages, and $1,140 in liquidated damages—from Defendants under the FLSA. DE 15-4. Lastly, Plaintiff Clarke seeks $2,181.59—comprised of $1,002.86 in unpaid minimum wages, $87.94 in unpaid overtime wages, and $1,090.79 in liquidated damages—from Defendants under the FLSA. DE 15-5.

After Defendants failed to respond to Plaintiffs' Second Amended Complaint, Judge Leibowitz issued an order to show cause, ordering Defendants to file a responsive pleading by a date certain. DE 16. When Defendants failed to file a responsive pleading as ordered, Plaintiffs filed a Verified Motion for Default Judgment. DE 18. Plaintiffs also moved for, and obtained, a clerk's entry of default for Defendants. DE 21; DE 22. This Court denied without prejudice Plaintiffs' Verified Motion for Default Judgment on account of several deficiencies. *See* DE 23. Thereafter, Plaintiffs filed the present Verified Amended Motion for Default Judgment. DE 24. Defendants have not responded to the Amended Motion, and the time for them to do so has passed.

## II. Liability

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1245 (alteration and quotation marks omitted). "Entry of default judgment is only warranted when there is a sufficient basis in the pleading for the judgment entered." *Id.* (quotation marks omitted). That is to say, a complaint must be able to survive a

---

[1] The total amount claimed is one penny shy of the total of all claimed damages.

motion to dismiss for failure to state a claim in order for the plaintiff to obtain a default judgment. *Id.* ("[W]e have subsequently interpreted the [sufficient basis] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim."); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

To establish a claim for unpaid minimum and overtime wages under the FLSA, Plaintiffs must demonstrate that: (1) Defendants employed them, (2) either they were engaged in interstate commerce or Defendants were an enterprise engaged in interstate commerce, and (3) they were not paid minimum and overtime wages. *See, e.g.*, *Moore v. King Game, Inc.*, No. 19-21391-CIV, 2021 WL 4295400, at *2 (S.D. Fla. Feb. 24, 2021), *report and recommendation adopted*, No. 19-21391-CIV, 2021 WL 4290870 (S.D. Fla. Sept. 21, 2021); *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008); *Harding-bey v. Pathways Therapy Servs., LLC*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1894603, at *3 (M.D. Fla. Apr. 20, 2021), *report and recommendation adopted*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1893968 (M.D. Fla. May 11, 2021). The Second Amended Complaint meets each of these requirements.

Specifically, by their default, Defendants have admitted the following well-pled allegations in the Second Amended Complaint. First, Plaintiffs allege that Defendants were their employers and that Defendant Glass had operational control over Defendant ADG Innovations, DE 15 ¶¶ 2, 17, which makes Defendant Glass jointly and severally liable under the FLSA. *See Wallace*, 247 F.R.D. at 682 (explaining that a corporate officer with operational control of a corporation is an employer along with the corporation and is jointly and severally liable for any FLSA violations). Second, Plaintiffs aver that enterprise coverage exists on account of Defendant ADG Innovations having over $500,000 in gross sales or business generated and employees who handle, sell, or otherwise work on goods or materials

that were moved in or produced for commerce, such as computers, phones, pens, and paper.[2] DE 15 ¶¶ 4–5; s*ee Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) ("An employer falls under the enterprise coverage section of the FLSA if it 1) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and 2) has at least $500,000 of annual gross volume of sales made or business done." (quotation marks omitted)); *see, e.g.*, *Certain v. Van Horst Gen. Contractors, LLC.*, No. 20-60395-CIV, 2020 WL 10618316, at *2 (S.D. Fla. Apr. 10, 2020) ("Plaintiffs' allegation that Defendant had two (2) or more employees handling or otherwise working with telephones, computers and other office supplies and materials that had been moved in commerce, which were used directly in furtherance of Defendant's commercial activity of construction is adequate at the pleading stage for the first prong of enterprise coverage." (citation omitted)); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1293 (M.D. Fla. 2018) (concluding that plaintiff's enterprise coverage claim—which alleged that defendant's employees used tools and equipment including computers, pens, and paper that were moved in or produced for commerce—was sufficient to survive motion to dismiss). Plaintiffs also allege that individual coverage exists under the FLSA due to them engaging in interstate commerce by communicating multiple times per day via telephone with customers located outside of Florida. DE 15 ¶¶ 7–16; *see St. Elien v. All Cnty. Env't Servs., Inc.*, 991 F.3d 1197, 1199 (11th Cir. 2021) (holding that, when an employee communicates with

---

[2] Although Plaintiffs only alleged, upon information and belief, that Defendant ADG Innovations generated over $500,000 in gross revenue annually, such an allegation is sufficient to survive a motion to dismiss. *See, e.g.*, *Williams v. Core Energy Inc.*, No. 1:22-21570-Civ, 2023 WL 5677543, at *4 (S.D. Fla. Aug. 3, 2023) ("To meet the second element, a plaintiff may simply allege that on 'information and belief' the enterprise has an annual gross revenue of at least $500,000."), *report and recommendation adopted*, No. 22-21570-CV, 2023 WL 5676896 (S.D. Fla. Sept. 4, 2023); *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (finding information and belief allegation about gross revenue of defendants sufficient for plaintiff to demonstrate enterprise coverage and noting that the issue of defendants' gross sales "are issues more appropriately determined at the summary judgment stage"); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("The Court also rejects Defendants' call for more particular allegations as to the $500,000 gross annual revenue requirement for enterprise coverage. . . . Plainly, [plaintiff] need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his.").

customers and vendors in a different state, that employee is "engaged in commerce" and is "individually covered by the FLSA"). Lastly, Plaintiffs Martinez, Pancham, Prevalus, and Clarke assert that Defendants failed to pay them minimum and overtime wages. DE 15 ¶¶ 23–24, 26–31. Plaintiff Jimenez only maintains that Defendants failed to pay him minimum wages. *Id.* ¶ 25. Accordingly, the Court finds that Plaintiffs have established Defendants' liability for the violations of the FLSA that they plead.

### III. Damages

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co. LLC*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). In making a damages determination, a court need not hold an evidentiary hearing to ascertain damages when all of the essential evidence is already in the record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.12 (11th Cir. 2005). "In other words, a court may award damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits." *Haliburton v. MGMerk Stocking Inc.*, No. 2:19- CV-14261-KMM, 2020 WL 13369448, at *2 (S.D. Fla. Apr. 1, 2020) (quotation marks omitted). Having reviewed Plaintiffs' amended affidavits, the Court determines that the record contains sufficient evidence for the Court to ascertain Plaintiffs' damages. The Court will address each Plaintiff in turn.

### A. Plaintiff Martinez

Plaintiff Martinez seeks unpaid minimum wage, unpaid overtime wage, and liquidated damages. DE 24-1. The Court starts by determining Plaintiff Martinez's unpaid minimum wage damages. For approximately 1.86 weeks, from April 7, 2024, to April 19, 2024, Plaintiff Martinez asserts that Defendants did not pay him any wages. *Id.* at 1. Plaintiff Martinez claims he worked 40 hours of regular time and 2.5 hours of overtime for this time period, and he seeks compensation at an hourly rate of

5

$12.00. *Id.* Therefore, Plaintiff Martinez seeks $948.60 in unpaid minimum wages (1.86 weeks x 42.5 hours per week x $12 per hour = $948.60).

However, Plaintiff Martinez has only brought an FLSA claim against Defendants to recover unpaid minimum wages. *See* DE 15. As such, Plaintiff Martinez can only recover the federal minimum wage of $7.25 per hour for his unpaid minimum wage damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."); *id.* § 206(a)(1)(C) (establishing $7.25 as the federal minimum wage); *see also Sevares v. Am. Pipeline Constr., LLC*, No. 22-CV-21233, 2023 WL 3871524, at *7 (S.D. Fla. Feb. 28, 2023) ("Under the FLSA, Plaintiff is only entitled to recover unpaid minimum wages. The FLSA does not provide a basis for recovery of the agreed upon hourly rate of pay in excess of the [federal] minimum wage." (citation omitted)), *report and recommendation adopted*, No. 1:22-CV-21233-KMM, 2023 WL 3191256 (S.D. Fla. May 2, 2023); *Cortez v. Hellenic Republic, Inc.*, No. 0:24-CV-60999, 2025 WL 297362, at *3 (S.D. Fla. Jan. 8, 2025) ("Plaintiff has only brought an FLSA claim against Defendants for his unpaid minimum wages. As such, Plaintiff can only recover the federal minimum wage of $7.25 per hour." (citation omitted)), *report and recommendation adopted*, No. 0:24-cv-60999, 2025 WL 297315 (S.D. Fla. Jan. 24, 2025); *Gorman v. Stealth Constr. US, Inc.*, No. 0:24-CV-60763, 2025 WL 580526, at *3 (S.D. Fla. Feb. 5, 2025), *report and recommendation adopted*, No. 0:24-cv-60763, 2025 WL 578502 (S.D. Fla. Feb. 21, 2025). Accordingly, the Court only recommends awarding Plaintiff Martinez $573.11 in unpaid minimum wage damages (1.86 weeks x 42.5 hours per week x $7.25 federal minimum wage = $573.11).

Turning now to Plaintiff Martinez's unpaid overtime wage damages, the FLSA entitles an employee to compensation at one and one-half times the employee's regular rate for any hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). However, if an employee was not paid a regular

6

hourly rate, the FLSA permits the employee to calculate an overtime hourly rate utilizing a state's minimum wage as the employee's regular hourly rate. *See* 29 C.F.R. § 778.5 (stating that, for the purpose of calculating overtime compensation under the FLSA, an employee's regular rate "cannot be lower than such applicable [state] minimum, for the words 'regular rate at which he is employed' as used in [the FLSA] must be construed to mean the regular rate at which he is lawfully employed"). For a time period of April 1, 2024, to April 6, 2024, which is approximately .86 weeks, Plaintiff Martinez claims that his regular hourly rate was $36.99, which results in an overtime hourly wage of $55.49 ($36.99 x 1.5 = $55.49). DE 24-1 at 2. Plaintiff Martinez also claims that he worked 2.5 hours of overtime per week from April 1, 2024, to April 6, 2024. Therefore, Plaintiff Martinez is entitled to $119.30 in unpaid overtime wages for the time period of April 1, 2024, to April 6, 2024 (.86 weeks x 2.5 overtime hours per week x $55.49 overtime hourly wage = $119.30 unpaid overtime wages). For a time period of approximately 1.86 weeks, from April 7, 2024, to April 19, 2024, Plaintiff Martinez claims he worked 2.5 hours of overtime per week without receiving an overtime wage. Accordingly, Plaintiff Martinez is entitled to $224.32 in unpaid overtime wages for this time period (1.86 weeks x 2.5 overtime hours per week x ($55.49 overtime hourly wage – $7.25 federal minimum wage already awarded for these hours) = $224.32). In total, the Court recommends awarding Plaintiff $343.62 in unpaid overtime wage damages.

Lastly, regarding liquidated damages, Plaintiff Martinez is entitled to liquidated damages on account of Defendants' failure to refute his allegation that they knowingly and willfully refused to pay him his minimum and overtime wages. *See* DE 15 ¶¶ 23, 27, 32; *Haliburton*, 2020 WL 13369450, at *2 (awarding plaintiff liquidated damages on default judgment for FLSA claim where defaulting defendants failed to meet their burden of demonstrating that liquidated damages were not warranted); *Pena v. Best Wholesale Grocers, LLC*, No. 23-CV-61116-RAR, 2023 WL 5095492, at *2 (S.D. Fla. Aug. 9, 2023) (explaining that plaintiff is entitled to liquidated damages when a defaulting employer fails to meet its

burden of demonstrating that liquidated damages are not warranted). Accordingly, the Court recommends awarding Plaintiff Martinez $916.73 in liquidated damages. *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."). In total, the Court recommends awarding Plaintiff Martinez $1,833.46 in damages.

**B. Plaintiff Pancham**

Plaintiff Pancham seeks unpaid minimum wage, unpaid overtime wage, and liquidated damages. DE 24-2. Starting with his unpaid minimum wage damages, Plaintiff Pancham claims that for approximately 2.14 weeks, from April 3, 2024, to April 17, 2024, he worked 45 hours per week without receiving any compensation. *Id.* at 1. Thus, Plaintiff Pancham claims $1,155.60 in unpaid minimum wage damages (2.14 weeks x 45 hours per week x $12 per hour = $1,155.60).

However, like Plaintiff Martinez, Plaintiff Pancham only brought a claim for unpaid minimum wages under the FLSA. *See* DE 15. Thus, Plaintiff Pancham can only recover the federal minimum wage of $7.25 per hour, as previously discussed. Accordingly, the Court only recommends awarding Plaintiff Pancham $698.18 in unpaid minimum wages (2.14 weeks x 45 hours per week x $7.25 federal minimum wage = $698.18).

Turning to Plaintiff Pancham's unpaid overtime wage damages, Plaintiff Pancham calculates his $18 overtime wage utilizing Florida's minimum wage of $12 per hour, which is permissible. *See* DE 24-2 at 2; 29 C.F.R. § 778.5; Art. 10 § 24(c), Fla. Const. (establishing $12 minimum wage in Florida for September 30, 2023, to September 29, 2024). Plaintiff Pancham claims he worked 5 hours of overtime for 2.14 weeks without receiving overtime wages. Accordingly, Plaintiff Pancham is entitled to $115.03 in unpaid overtime wage damages (2.14 weeks x 5 hours of overtime per week x ($18 overtime hourly rate – $7.25 federal minimum wage already awarded for these hours) = $115.03).

Lastly, regarding liquidated damages, Plaintiff Pancham is entitled to liquidated damages on account of Defendants' failure to refute his allegation that they knowingly and willfully refused to pay him minimum and overtime wages. DE 15 ¶¶ 24, 28, 32; *see, e.g.*, *Haliburton*, 2020 WL 13369450, at *2. Accordingly, the Court recommends awarding Plaintiff Pancham $813.21 in liquidated damages. *See Rodriguez*, 518 F.3d at 1272. In total, the Court recommends awarding Plaintiff Pancham $1,626.42 in damages.

### C. Plaintiff Jiminez

Plaintiff Jiminez seeks unpaid minimum wage and liquidated damages. DE 24-3. Starting with his unpaid minimum wages, Plaintiff Jiminez claims he worked 34 hours for one week, from April 15, 2024, to April 19, 2024, without receiving any wages. *Id.* at 1. As such, Plaintiff Jiminez seeks $408 in unpaid minimum wages (1 week x 34 hours x $12 per hour = $408).

However, like all Plaintiffs in this matter, Plaintiff Jiminez has only brought a claim for unpaid minimum wages under the FLSA. *See* DE 15. For this reason, Plaintiff Jiminez can only recover the federal minimum wage of $7.25 per hour, as this Court previously explained. Accordingly, the Court only recommends awarding Plaintiff Jiminez $246.50 in unpaid minimum wage damages (1 week x 34 hours x $7.25 federal minimum wage = $246.50).

Lastly, regarding liquidated damages, Plaintiff Jiminez is entitled to liquidated damages on account of Defendants' failure to refute his allegation that they knowingly and willfully refused to pay him minimum wages. *See* DE 15 ¶¶ 25, 32; *see, e.g.*, *Haliburton*, 2020 WL 13369450, at *2. Accordingly, the Court recommends awarding Plaintiff Jiminez $246.50 in liquidated damages. *See Rodriguez*, 518 F.3d at 1272. In total, the Court recommends awarding Plaintiff Jiminez $493 in damages.

### D. Plaintiff Prevalus

Plaintiff Prevalus seeks unpaid minimum wage, unpaid overtime wage, and liquidated damages. DE 24-4. Starting with her unpaid minimum wage damages, Plaintiff Prevalus claims she worked for Defendants for 45 hours per week for two weeks, from April 8, 2024, to April 19, 2024, without receiving any compensation. *Id.* at 1. As such, Plaintiff Prevalus seeks $1,080 in unpaid minimum wage damages (2 weeks x 45 hours per week x $12 per hour = $1,080).

However, as with all Plaintiffs in this matter, Plaintiff Prevalus only brought a claim for unpaid minimum wages under the FLSA. *See* DE 15. As such, for the reasons previously discussed, Plaintiff Prevalus can only recover the federal minimum wage of $7.25 per hour. Accordingly, the Court only recommends awarding Plaintiff Prevalus $652.50 in unpaid minimum wage damages (2 weeks x 45 hours per week x $7.25 federal minimum wage = $652.50).

Turning to Plaintiff Prevalus' unpaid overtime wage damages, Plaintiff Prevalus claims she worked 10 hours of overtime from April 8, 2024, to April 19, 2024, without receiving an overtime wage. DE 24-4 at 2. Plaintiff Prevalus calculates her $18 unpaid overtime wage utilizing Florida's minimum wage of $12 per hour, which is permissible. *See id.*; 29 C.F.R. § 778.5; Art. 10 § 24(c), Fla. Const. (establishing $12 minimum wage in Florida for September 30, 2023, to September 29, 2024). Accordingly, Plaintiff Prevalus is entitled to $107.50 in unpaid overtime wage damages (10 overtime hours x ($18 overtime hourly wage – $7.25 federal minimum wage already awarded for these hours) = $107.50).

Lastly, regarding liquidated damages, Plaintiff Prevalus is entitled to liquidated damages on account of Defendants' failure to refute her allegation that they knowingly and willfully refused to pay her minimum and overtime wages. DE 15 ¶¶ 29, 30, 32; *see, e.g.*, *Haliburton*, 2020 WL 13369450, at *2. Accordingly, the Court recommends awarding Plaintiff Prevalus $760 in liquidated damages. *See*

*Rodriguez*, 518 F.3d at 1272. In total, the Court recommends awarding Plaintiff Prevalus $1,520 in damages.

### E. Plaintiff Clarke

Plaintiff Clarke seeks unpaid minimum wage, unpaid overtime wage, and liquidated damages. DE 24-5. Starting with her unpaid minimum wage damages, Plaintiff Clarke claims that she worked 45 hours per week for 1.86 weeks, during the time period of June 29, 2024, to July 18, 2024, without receiving any compensation. *Id.* at 1. Thus, Plaintiff Clarke claims $1,004.40 in unpaid minimum wage damages (1.86 weeks x 45 hours per week x $12 = $1,004.40).

However, as with all Plaintiffs, Plaintiff Clarke has only brought an FLSA claim to recover unpaid minimum wages. *See* DE 15. As such, for the reasons previously explained, Plaintiff Clarke can only recover the federal minimum wage of $7.25 per hour. Accordingly, the Court only recommends awarding Plaintiff Clarke $606.83 in unpaid minimum wage damages (1.86 weeks x 45 hours per week x $7.25 federal minimum wage = $606.83).

Turning to her unpaid overtime wage damages, Plaintiff Clarke claims that she worked 2.86 weeks, from June 29, 2024, to July 18, 2024, without receiving an overtime wage. DE 24-5 at 2. Plaintiff Clarke also claims that her regular hourly rate for this period was $12.88 per hour, which makes her overtime hourly rate $19.32 per hour ($12.88 x 1.5 = $19.32). *Id.* For 1 week, Plaintiff Clarke was only paid her regular hourly rate and not an overtime hourly rate. *Id.* And for the remaining 1.86 weeks during this time period, Plaintiff Clarke did not receive her regular hourly rate or an overtime hourly rate. *Id.* Accordingly, for the 1 week where Plaintiff Clarke received her regular hourly rate, Plaintiff Clarke is entitled to $32.25 in overtime hourly wage damages (1 week x 5 hours x ($19.32 overtime hourly rate – $12.88 regular hourly rate paid) = $32.25). For the 1.86 weeks where Plaintiff Clarke did not receive her regular hourly rate, Plaintiff Clarke is entitled to $112.25 in overtime hourly wage damages (1.86 weeks

11

x 5 hours x ($19.32 overtime hourly rate – $7.25 federal minimum wage already awarded for these hours) = $112.25). In total, Plaintiff Clarke is entitled to $144.50 in unpaid overtime wage damages.

Lastly, regarding liquidated damages, Plaintiff Clarke is entitled to liquidated damages on account of Defendants' failure to refute her allegation that they knowingly and willfully refused to pay her minimum and overtime wages. DE 15 ¶¶ 26, 31, 32; *see, e.g.*, *Haliburton*, 2020 WL 13369450, at *2. Accordingly, the Court recommends awarding Plaintiff Clarke $751.33 in liquidated damages. *See Rodriguez*, 518 F.3d at 1272. In total, the Court recommends awarding Plaintiff Clarke $1,502.66 in damages.

### IV. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiffs' Verified Amended Motion for Default Judgment [DE 24] and entering default judgment against Defendants, jointly and severally, in the total amount of $6,975.54. Specifically, the Court recommends awarding Plaintiff Martinez $1,833.46 in damages, Plaintiff Pancham $1,626.42 in damages, Plaintiff Jiminez $493 in damages, Plaintiff Prevalus $1,520 in damages, and Plaintiff Clarke $1,502.66 in damages.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 7th day of August, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE